UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ALBINO VILLARREAL and CLAUDIA VILLARREAL, § § § | | |
| Plaintiffs, § § | | |
| VS. § § | CIVIL ACTION NO. 7:20-cv-00408 | |
| AMERICAN SAVINGS LIFE INSURANCE COMPANY and SUBSTITUTE TRUSTEE CONNIE COBB, § § § § § § | Lead Case | |
| Defendants. § | | |

## **OPINION AND ORDER**

The Court now considers Defendants' motions to dismiss Plaintiffs' claims.[1] Plaintiffs have not filed a response and the time for doing so has passed, rendering Defendants' motions unopposed by operation of this Court's Local Rule.[2] After considering the motions, exhibits, and relevant authorities, the Court **GRANTS** Defendants' motions and **DISMISSES** Plaintiffs' claims.[3]

### I. BACKGROUND

This is a foreclosure case. Plaintiff Albino Villarreal, represented by Juan Angel Guerra, initially filed this suit in Hidalgo County Court on November 30, 2020 against Defendant American Saving Life Insurance Company and Substitute Trustee Connie Cobb.[4] Defendants removed the case to this Court on December 13, 2021.[5] Following removal of the first case,

---

[1] Dkt. No. 3; Member Case No. 7:21-cv-00014, Dkt. No. 7.
[2] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 3; Member Case No. 7:21-cv-00014, Dkt. No. 7.
[4] Dkt. No. 1-3 at 1.
[5] Dkt. No. 1.

Plaintiff Claudia Villarreal, the spouse of Albino Villarreal, filed a nearly identical lawsuit arising out of the same transaction as the initial suit and against the same Defendants in Hidalgo County Court on January 4, 2021.[6] Defendants removed that case to this Court on January 11, 2021.[7] On February 11, 2021, upon motion of Defendants, the Court consolidated this case, Plaintiff Albino Villarreal's case, with Member Case No. 7:21-cv-00014, Plaintiff Claudia Villarreal's case.[8]

In both Plaintiffs' original petitions, they allege that on June 3, 2019, they executed a promissory note in the amount of five-hundred-thousand dollars ($500,000.00) secured by their real property located at 403 Palms Vista Drive, Palm View, Hidalgo County, Texas 78572.[9] Plaintiffs allege that they were able to make payments for over a year, but "due to unexpected circumstances," they fell behind on a few payments.[10] Plaintiffs additionally allege that they "contacted Defendants regarding their situation but Defendants refused to take late payments."[11] Plaintiffs further allege that by accepting late payments, Defendants "established a course of dealing with Plaintiff[s] of accepting said Plaintiff[s'] late payments."[12]

Plaintiffs allege that the property was set to be foreclosed on December 1, 2020.[13] Plaintiff Albino Villarreal filed this petition in state court just one day before the scheduled foreclosure.[14] Plaintiff Albino Villarreal sought[15] and was granted a temporary restraining order to prevent the foreclosure sale on November 30, 2020.[16] Plaintiff Claudia Villarreal also sought a

---

[6] Member Case No. 7:21-cv-00014, Dkt. No. 1-3.
[7] *Id.*, Dkt. No. 1.
[8] Dkt. No. 12.
[9] Dkt. No. 1-3 at 2–3; Member Case No. 7:21-cv-00014, Dkt. No. 1-3 at 2–3.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] Dkt. No. 1-3 at 9.
[16] Dkt. No. 1-6.

temporary restraining order, which was granted on January 4, 2021.[17] After removing the cases to this Court, Defendants filed motions to dismiss in both cases.[18] The motions are ripe for consideration. The Court now turns to its analysis.

## II. Discussion

### a. Jurisdiction

Defendants argue that this Court has diversity jurisdiction under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 and there is diversity of citizenship because the citizenship of the non-diverse substitute trustee Connie Cobb should be disregarded, as an improperly joined defendant.[19] An improperly joined non-diverse defendant does not prevent successful removal to federal court based on diversity jurisdiction.[20] Joinder is improper when a plaintiff is unable to establish a cause of action against the non-diverse party in state court.[21] The Texas Property Code provides immunity to substitute trustees acting in good faith and within the scope of their authority.[22] Because Plaintiffs do not allege bad faith on behalf of substitute trustee Connie Cobb or that she acted outside the scope of her duties,[23] she is immune from suit and thus improperly joined in this action. Accordingly, the Court **DISMISSES** substitute trustee Connie

---

[17] Member Case No. 7:21-cv-00014, Dkt. No. 1-5.
[18] Dkt. No. 3; Member Case No. 7:21-cv-00014, Dkt. No. 7.
[19] Dkt. No. 1 at 2; Member Case No. 7:21-cv-00014, Dkt. No. 1 at 2.
[20] *Lassberg v. Bank of Am., N.A.*, 660 F. App'x 262, 266 (5th Cir. 2016) (citing *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) ("[T]he presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity.")); *Lassberg*, 660 F. App'x at 266 (citing *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) ("A party to a complaint is 'nominal' and thus disregarded for diversity purposes if 'in the absence of [that party], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff.'")); *Smallwood v Ill. Cent. R.R.*, 385 F.3d 568 (5th Cir. 2004); *Chesapeake & Ohio R.R. v. Cockrell,* 232 U.S. 146, 152 (1914) (diverse defendants, upon showing that joinder of nondiverse party was "without right and made in bad faith," may successfully remove the action to federal court).
[21] *Smallwood.*, 385 F.3d at 573 (5th Cir. 2005). (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).
[22] Tex. Prop. Code § 51.007; *Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. App'x 274, 277 (5th Cir. 2014) ("[T]he Texas Property Code creates a qualified immunity for mortgage trustees who make good faith errors . . . [Plaintiff] does not provide any allegations that [Defendant Trustee] was acting in bad faith, and therefore has no reasonable basis for recovery.").
[23] Dkt. No. 1-3; Member Case No. 7:21-cv-00014, Dkt. No. 1-3.

Cobb from this action and finds diversity jurisdiction under 18 U.S.C. § 1332 proper in this case. Thus, American Savings Life Insurance Company remains as the sole defendant.

### b. Legal Standard

The Court uses federal pleading standards to determine the sufficiency of a complaint.[24] "A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges a plaintiff's right to relief based upon those facts."[25] Under Federal Rule of Civil Procedure 12(b)(6), to avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[26] The Court reads the complaint as a whole[27] and accepts all well-pleaded facts as true (even if doubtful or suspect[28]) and views those facts in the light most favorable to the plaintiff (because a Rule 12(b)(6) motion is viewed with disfavor[29]), but will not strain to find inferences favorable to the plaintiff,[30] but also will not indulge competing reasonable inferences that favor the Defendant.[31] A plaintiff need not plead evidence[32] or even detailed factual allegations, especially when certain information is peculiarly within the defendant's possession,[33] but must plead more than "'naked assertion[s] devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the

---

[24] *See Genella v. Renaissance Media*, 115 F. App'x 650, 652–53 (5th Cir. 2004) (holding that pleadings must conform to federal pleading requirements).
[25] *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (quotation omitted).
[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[27] *See Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011) ("While the allegations in this complaint that the Golf Association's anticompetitive acts 'substantially affected interstate commerce' are not sufficient on their own, the complaint here read as a whole goes beyond the allegations rejected in *Twombly* and *Iqbal*.").
[28] *Twombly*, 550 U.S. at 555–56.
[29] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) ("This court construes facts in the light most favorable to the nonmoving party, 'as a motion to dismiss under 12(b)(6) "is viewed with disfavor and is rarely granted."'")).
[30] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[31] *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009).
[32] *Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 240–41 (5th Cir. 2016).
[33] *See Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (holding that pleading "on information and belief" is acceptable when the inference of culpability is plausible).

elements of a cause of action, supported by mere conclusory statements" to survive a motion to dismiss.[34]

In evaluating a motion to dismiss, Courts first disregard any conclusory allegations or legal conclusions[35] as not entitled to the assumption of truth,[36] and then undertake the "context-specific" task, drawing on judicial experience and common sense, of determining whether the remaining well-pled allegations give rise to entitlement to relief.[37] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[38] Courts have "jettisoned the [earlier] minimum notice pleading requirement"[39] and the complaint must plead facts that "nudge" the claims "across the line from conceivable to plausible,"[40] because discovery is not a license to fish for a colorable claim.[41] The complaint must plead every material point necessary to sustain recovery; dismissal is proper if the complaint lacks a requisite allegation.[42] However, the standard is only "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."[43]

---

[34] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also id.* at 679 (holding that a complaint that "do[es] not permit the court to infer more than the mere possibility of misconduct" does not suffice to state a claim).
[35] *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quotation omitted) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").
[36] *Mustapha v. HSBC Bank USA, NA*, No. 4:11-CV-0428, 2011 WL 5509464, at *2 (S.D. Tex. Nov. 10, 2011) (Hanks, J.) ("[A] court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").
[37] *Iqbal*, 556 U.S. at 678–79; *see also Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").
[38] *Iqbal*, 556 U.S. at 678.
[39] *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009).
[40] *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570).
[41] *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015); *see Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").
[42] *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006); *accord Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).
[43] *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

The Court is limited to assessing only the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which the Court may take judicial notice.[44] Attachments to the complaint become part of the pleadings for all purposes,[45] but the Court is not required to accept any characterization of them because the exhibit controls over contradictory assertions,[46] except in the case of affidavits.[47] Because the focus is on the pleadings, "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56,"[48] but not if the material is a matter of public record[49] and not if a defendant attaches documents to a motion to dismiss that are "referred to in the plaintiff's complaint and are central to her claim."[50]

    c.    **Analysis**

The petitions in both cases filed by Plaintiffs are identical but for section VI in each complaint, which is labeled "Special Circumstances" in the petition filed by Plaintiff Claudia Villarreal[51] and "Pre-Foreclosure Loss Mitigation Review Period" in the petition filed by Plaintiff Albino Villarreal.[52] Accordingly, the Court deals with the identical allegations in each petition simultaneously and then deals with the distinct sections in each complaint. The Court notes that Plaintiffs use the same form petition repeatedly rejected by this Court for failure to state a claim

---

[44] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[45] *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing FED. R. CIV. P. 10(c)).
[46] *Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 n.1 (5th Cir. 2014).
[47] *Bosarge v. Miss. Bureau of Narc.*, 796 F.3d 435, 440–41 (5th Cir. 2015) ("[W]hile the affidavits may be considered as an aid to evaluating the pleadings, they should not control to the extent that they conflict with [plaintiff's] allegations.").
[48] FED. R. CIV. P. 12(d).
[49] *Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (per curiam) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)).
[50] *Causey v. Sewell Cadillac–Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004).
[51] Member Case No. 7:21-cv-00014, Dkt. No. 1-3 at 5–6.
[52] Dkt. No. 1-3 at 5.

in accordance with Federal Rule of Civil Procedure 12(b)(6).[53] The Court nonetheless considers each allegation in the petitions.

1.         "Waiver of Acceleration"

Plaintiffs first allege that Defendant waived its right to accelerate the loan by establishing a "course of dealing with Plaintiff[s] of accepting said Plaintiff[s'] late payments."[54] The Court notes that Plaintiffs allege that Defendant both "accept[ed] late payments" and "refused to take late payments."[55] Regardless of this contradiction, Plaintiffs' allegations are insufficient to establish a legally cognizable claim.

First, the Court notes that waiver is not an independent cause of action in Texas.[56] It is "defensive in nature" and operates to prevent the loss of existing rights and not to create liability where it does not otherwise exist.[57] Even assuming, arguendo, that waiver is an independent cause of action, in order to establish waiver, the conduct of the mortgagor as a whole must be inconsistent with the right to foreclose.[58] The Fifth Circuit has provided an overview of Texas law for situations such as the instant case, where it is alleged that a mortgagee has accepted late mortgage payments:

> Under Texas law, a party may waive a contractual right by intentionally relinquishing it or by engaging in conduct inconsistent with that right. A lienholder may waive the right to accelerate or foreclose through inconsistent conduct such as repeatedly accepting late payments. However, Texas courts have also made clear that a lienholder does not waive the right to foreclose merely by delaying foreclosure, entering into modification negotiations, or otherwise exercising forbearance without additional conduct inconsistent with the right to

---

[53] *Cruz v. JPMorgan Chase Bank, N.A.*, No. 7:18-CV-1, 2018 WL 689610, at *5 (S.D. Tex. Feb. 1, 2018).
[54] Dkt. No. 1-3 at 3–4; Member Case No. 7:21-cv-00014, Dkt. No. 1-3 at 3–4.
[55] *Id.*
[56] *Perez v. Wells Fargo USA Holdings, Inc.*, No. 7:19-CV-317, 2019 WL 6687704, at *6 (S.D. Tex. Dec. 6, 2019).
[57] *Hruska v. First State Bank of Deanville,* 747 S.W.2d 783, 785 (Tex. 1988).
[58] See *Watson v. CitiMortgage, Inc.*, No. 12-41009, 530 Fed.Appx. 322, 2013 WL 2468035 at *2 (5th Cir. June 10, 2013).

> foreclose. Nor does a mortgagor waive its right to foreclose by declining to pursue alternative contractual remedies.[59]

Here, the contractual agreement between the parties expressly provides that "by accepting payment of any sum secured hereby after its due date, [Defendant] does not waive [its] right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay."[60] Texas courts consider a contract's non-waiver clause to be "some evidence of non-waiver," but not a substantive bar to finding that a particular provision was indeed waived. However, "[g]iven Texas's strong public policy favoring freedom of contract, there can be no doubt that, as a general proposition, nonwaiver provisions are binding and enforceable."[61] "To find waiver of a nonwaiver provision, 'there must, at a minimum, be some act inconsistent with its terms.'"[62] Consequently, nonwaiver provisions "create a presumption" that a party did not intend to relinquish its rights.[63] Plaintiff does not allege that Defendant intentionally waived the non-waiver clause or that the non-waiver clause was otherwise invalid.

Based on the foregoing, the Court finds that Plaintiffs failed to plead sufficient facts to support a legally cognizable claim against Defendant for waiver of its right to accelerate the deed.

2. *"The Breach Letter"*

Plaintiffs also include a section entitled "The Breach Letter," which provides:

> Texas deeds of trust contain a clause that requires the lender to send notice, which is often called a breach of demand letter, informing Plaintiffs that their loan is in default before it can accelerate the loan and proceed with foreclosure.[64]

---

[59] *Watson v. CitiMortgate, Inc.,* 530 Fed.Appx. 322, 326 (5th Cir. 2013).
[60] Dkt. No. 3-1 at 3, ¶ 7; Member Case No. 7:21-cv-00014, Dkt. No. 7-1 at 3, ¶ 7.
[61] *Conn Credit I, L.P. v. TF LoanCo III, L.L.C.*, 903 F.3d 493, 503 (5th Cir. 2018).
[62] *Id.*
[63] *Page v. JP Morgan Chase Bank, N.A.,* 605 F. App'x 272, 276 (5th Cir. 2015).
[64] Dkt. No. 1-3 at 5; Member Case No. 7:21-cv-00014, Dkt. No. 1-3 at 6.

As this Court previously held regarding this exact language, insofar as a breach of contract claim was intended under this self-styled cause of action, it fails.[65] To prevail on a breach of contract claim under Texas law, a plaintiff must demonstrate "(1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."[66] Any breach of contract claim here would presumably arise from a breach of the promissory note or deed of trust as this is a preemptive foreclosure lawsuit. The Fifth Circuit has explained that "a claim for breach of a note and deed of trust must identify the specific contractual provision in the contract that was breached."[67] Plaintiffs not only fail to identify the specific contractual provision that was breached, but they also acknowledge their failure to perform under the promissory note by missing payment deadlines. Additionally, Plaintiffs do not specify what damages they suffered and how those damages were caused by a breach of contract. As a result, Plaintiffs are unable to establish a breach of contract claim.

  3.  "Notice of Default and Intent to Accelerate"

Plaintiffs further allege that Defendant did not comply with the Texas Property Code.[68] Specifically, they state:

> Texas law requires that the lender/servicer must send the borrower a notice of default and intent to accelerate by certified mail that provides at least 20 days to cure the default before notice of sale can be given. The notice must be sent to borrower's last known address and must include the amount due and the date it must be paid. Defendants did not comply with said requirement pursuant to the Texas Property Code. From information and belief, Defendants did not comply with the requirements pursuant to the Texas Property Code.[69]

---

[65] *Cruz*, 2018 WL 689610 at *3.
[66] *Sport Supply Grp., Inc. v. Columbia Cas. Co.,* 335 F.3d 453, 465 (5th Cir. 2003).
[67] *Williams v. Wells Fargo Bank, N.A.,* 560 Fed. Appx. 233, 238 (5th Cir. 2014).
[68] Dkt. No. 1-3 at 5; Member Case No. 7:21-cv-00014, Dkt. No. 1-3 at 7.
[69] *Id.*

The Texas Property Code § 51.002(d) provides that "the mortgage servicer of the debt shall serve a debtor in default under a deed of trust...on real property used as the debtor's residence with written notice...that the debtor is in default...and giving the debtor at least 20 days to cure the default before notice of sale can be given[.]"[70] The Code further provides that if the debtor does not cure the default within twenty days, "the mortgage servicer must provide notice of sale pursuant to procedures specified in the Texas Property Code at least 21 days before the date of sale."[71] However, even if notice of default was not provided to Plaintiffs in this case, "[f]ailure to comply with Texas Property Code §§ 51.002(b) and (d) does not provide Plaintiff[s] with a cause of action prior to an actual foreclosure sale."[72] Plaintiffs can only bring a cause of action under either provision if they allege that a sale has occurred.[73] More specifically, "[w]here a temporary restraining order is issued preventing [a] [d]efendant from conducting a foreclosure sale, [a] [p]laintiff...fail[s] to allege a § 51.002 claim upon which relief can be granted unless a subsequent foreclosure sale occurs."[74]

Here, the state court issued two temporary restraining orders preventing Defendant from foreclosing on the Property.[75] Moreover, Plaintiffs have provided no evidence that Defendant subsequently foreclosed on the Property. Accordingly, Plaintiffs fail to state a claim under the Texas Property Code upon which relief can be granted.

4. "Illegal Foreclosure"

Under the section entitled "Illegal Foreclosure," Plaintiffs allege that they never received any notice of the foreclosure as required by law," and that "[t]herefore, the foreclosure posting

---

[70] TEX. PROP. CODE § 51.002(d).
[71] *Suarez v. Ocwen Loan Servicing, LLC*, 2015 WL 7076674, at *3 (W.D. Tex. Nov. 12, 2015) (citing TEX. PROP. CODE § 51.002(b).
[72] *Id.* (citing *Crucci v. Seterus, Inc.,* 2013 WL 6146040, at *3 (W.D. Tex. Nov. 21, 2013)).
[73] *Cruz*, 2018 WL 689610 at *3 (citing *id.*).
[74] *Id.*
[75] Dkt. No. 1-6; Member Case No. 7:21-cv-00014, Dkt. No. 1-5.

do[*sic*] not follow the steps mandated by statute."[76] To the extent Plaintiffs attempt to bring a wrongful foreclosure action, Plaintiffs do not allege that a foreclosure occurred or that they sustained any material injury. "The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price."[77] Because Plaintiffs fail to allege that a foreclosure occurred, they cannot meet the elements of "wrongful foreclosure." Accordingly, this cause of action also fails to state a claim upon which relief can be granted.

    5.   "Pre-Foreclosure Mitigation Review Period"

Plaintiff Albino Villareal included in his original petition a section labeled "Pre-Foreclosure Mitigation Review Period." Therein, he provides that:

> [u]nder the Federal Consumer Financial Protection Bureau servicing rules that went into effect January 10, 2014, the mortgage servicer must wait until Plaintiffs are more than 120 days delinquent on payments before making the first official notice of filing for any non-judicial or judicial foreclosure.[78]

The Court's independent research reveals that this section references 12 C.F.R. § 1024.41(f), which requires that the plaintiff suffer actual damages or otherwise establish a pattern or practice of a defendant's non-compliance.[79] Here, Plaintiff Albino Villarreal merely states the standard.[80] He does not allege that Defendant failed to comply with the requisite mitigation review period or that he suffered actual damages from such non-compliance.[81] Accordingly, the Court finds that Plaintiff Albino Villarreal failed to plead sufficient facts to support a legally cognizable claim against Defendant under 12 C.F.R. § 1024.41(f). Plaintiff Claudia Villarreal did not include this

---

[76] Dkt. No. 1-3; Member Case No. 7:21-cv-00014, Dkt. No. 1-3.
[77] *See Water Dynamics, Ltd. v. HSBC Bank USA, NA*, 509 F. App'x 367, 368 (5th Cir. 2013); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.).
[78] Dkt. No. 1-3 at 5.
[79] *Cruz v. JPMorgan Chase Bank, N.A.*, No. 7:18-CV-1, 2018 WL 689610, at *2 (S.D. Tex. Feb. 1, 2018).
[80] Dkt. No. 1-3 at 5.
[81] *Id.*

section in her complaint or otherwise allege a claim against Defendant under 12 C.F.R. § 1024.41(f).

6. *Requests for Equitable Relief*

In their petitions, both Plaintiffs include a section entitled "Effect of the Coronavirus (COVID-19),"[82] in addition to requests for a temporary restraining order,[83] and "a judgment . . . to prevent the foreclosure."[84] Additionally, Plaintiff Claudia Villarreal includes a section entitled "Special Circumstances," wherein she requests the Court "utilize the equitable powers of the court to enjoin the foreclosure of the property."[85] The Court interprets these sections as a requests for injunctive and equitable relief. Under both Texas and federal law, injunctive and equitable relief depends on the assertion of a viable underlying substantive cause of action.[86]

In the section labeled "Effect of the Coronavirus," Plaintiffs allege that the coronavirus pandemic has "put them in a very difficult position" and express "concern[] that [their] property would not be sold at a fair market value in that foreclosure sales typically require in person bidding and interactions, which could be encumbered by shelter in place orders . . ."[87] On these

---

[82] Dkt. No. 1-3 at 6; Member Case No. 7:21-cv-00014, Dkt. No. 1-3 at 7.
[83] Dkt. No. 1-3 at 7; Member Case No. 7:21-cv-00014, Dkt. No. 1-3 at 9.
[84] Dkt. No. 1-3 at 8; Member Case No. 7:21-cv-00014, Dkt. No. 1-3 at 10.
[85] Member Case No. 7:21-cv-00014, Dkt. No. 1-3 at 5–6.
[86] *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 243 (5th Cir. 2014); *see also Sid Richardson Carbon & Gas. Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996) (holding Texas Uniform Declaratory Judgments Act is merely procedural device which does not create any substantive rights or causes of action); *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 938 (5th Cir. 2012) (holding operation of federal Declaratory Judgment Act is procedural only); *Brown v. Ke–Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.–Houston [1st Dist.] 2008, no pet.) ("[I]njunction is an equitable remedy, not a cause of action."), *overruled on other grounds*.
[87] Dkt. No. 1-3 at 6; Member Case No. 7:21-cv-00014, Dkt. No. 1-3 at 7.

bases, Plaintiffs request the Court "consider the emergency situation that COVID-19 is causing."[88] In this section, Plaintiffs do not allege any misconduct on behalf of Defendant or otherwise state a legally cognizable claim related to the coronavirus pandemic.

In Plaintiff Claudia Villarreal's "Special Circumstances" section, she describes damage to the property due to "hurricane type winds and precipitation."[89] She purports to "invoke the defense of vis major and vis divine" and requests the Court enjoin foreclosure of the property.[90] Insofar as Plaintiff Claudia Villarreal raises these as defenses to the foreclosure, she does not allege the storm prevented her from performing her duties under the note. She merely alleges that the storm altered the fair market value of the property, which has no effect on Defendant's ability to foreclose on the property.[91]

In requesting injunctive and equitable relief, Plaintiffs do not allege any viable underlying causes of action. Thus, their claims for injunctive and equitable relief fail as a matter of law.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court holds that Plaintiffs failed to state a claim upon which relief can be granted. Accordingly, the Court **GRANTS** Defendant's motions to dismiss.[92] All of Plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE**. A separate final judgment will issue, pursuant to Rule 56.

IT IS SO ORDERED.

---

[88] *Id.*
[89] Member Case No. 7:21-cv-00014, Dkt. No. 1-3 at 6.
[90] *Id.* at 5.
[91] *See* TEX. PROP. CODE § 51.003 ("If the court determines that the fair market value of the real property is greater than the sale price of the real property at the foreclosure sale, the persons against whom recovery of the deficiency is sought are entitled to an offset against the deficiency in the amount by which the fair market value, less the amount of any claim, indebtedness, or obligation of any kind that is secured by a lien or encumbrance on the real property that was not extinguished by the foreclosure, exceeds the sale price").
[92] Dkt. No. 3; Member Case No. 7:21-cv-00014, Dkt. No. 7.

DONE at McAllen, Texas, this 25th day of March 2021.

                                                      Micaela Alvarez
                                          United States District Judge